IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GONZALEZ, | Civil No. 3:21-cv-449 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN J.L. JAMISON, | |
| Respondent | |

FILED
SCRANTON
APR 26 2021
PER _____
DEPUTY CLERK

## MEMORANDUM

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Michael Gonzalez ("Gonzalez"), an inmate confined at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania. Gonzalez contends that his due process rights were violated in the context of a disciplinary hearing held at the Federal Correctional Institution, Fort Dix, New Jersey. (*Id.*). For the reasons set forth below, the Court will deny the petition.

I.  **Background**

On January 23, 2020, Gonzalez was charged in incident report number 3356143, with possession of a hazardous tool—cell phone, a code 108 violation. (Doc. 1-1, p. 11). Gonzalez contends that the denials of his administrative appeals indicated that the cell phone and battery were found inside his locker; however, the incident report states that the cell phone and battery were in a case of soda under his locker. (Doc. 1, p. 10). For relief,

Gonzalez requests that the Court expunge the incident report and restore the loss of good conduct time. (*Id.* at p. 7).

## II. Discussion

On January 23, 2020, a staff member at FCI-Fort Dix searched Room 337 in Unit 5812 and discovered a blue/silver cell phone and a Samsung cell phone battery hidden in a 12 pack of Ginger Ale soda under a locker. (Doc. 6-1, p. 8, Discipline Hearing Officer ("DHO") Report). According to Sentry, TruScope and personal property found in the locker, the locker was assigned to inmate Michael Gonzalez, Register Number 48306-066. (*Id.*). On January 23, 2020, incident report 3356143 was served on Gonzalez charging him with possession of a hazardous tool—cell phone. (*Id.* at p. 10, Incident Report). As part of the investigation, Gonzalez was advised of his rights and stated, "It wasn't mine." (*Id.* at p. 11, §§ 23-24).

On January 26, 2020, Gonzalez appeared before the Unit Discipline Committee ("UDC") for a hearing. (*Id.* at p. 10, §§ 17-21). At the hearing, Gonzalez again stated that the confiscated items did not belong to him. (*Id.* at p. 13, § 17). Due to the severity of the offense, the UDC referred the incident report to the DHO with a recommendation that greater sanctions be imposed. (*Id.* at p. 13, §§ 18-20).

On January 26, 2020, a staff member informed Gonzalez of his rights at the DHO hearing and provided him with a copy of the "Inmate Rights at Discipline Hearing" form.

2

(Doc. 6-1, pp. 17-18, Inmate Rights at Discipline Hearing). Gonzalez was also provided with a "Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)" form. (Doc. 6-1, p. 19, Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)). Gonzalez signed the DHO form, did not request representation by a staff member, and did not elect to call witnesses on his behalf. (*Id.*).

On February 20, 2020, a DHO hearing was conducted. (Doc. 6-1, pp. 6-9). During the February 20, 2020 hearing, the DHO confirmed that Gonzalez received advanced written notice of the charges, that he had been advised of his rights before the DHO, and that Gonzalez waived his right to staff representation and did not request to call any witnesses. (*Id.* at p. 6, §§ I-III). Gonzalez indicated that he understood his rights. (*Id.*). The DHO read following written statement of the reporting officer:

> On January 23, 2020, I, Officer K. Rosario, was posted as a West Compound Officer. At approximately 2:45 pm, I, Officer K. Rosario, began a search of Room 337 in Unit 5812. During my search of locker 2 Lower in room 337 of 5812, I discovered one (1) blue/silver cell phone and (1) Samsung cell phone battery hidden in a 12 pack of Ginger Ale soda cans under the locker. According to Sentry, TruScope and personal property found in the locker, the locker is assigned to inmate Michael Gonzalez Reg # 48306-066A. [A]ccording to the A&O Handbook page 40 # 4 "It is your responsibility not to waste food, follow the laundry and shower schedule, to maintain neat and clean living quarters, to keep your area free of contraband and to seek medical and dental care as you may need it." The contraband was brought to the Lieutenant's Office for processing.

(*Id.* at p. 8, § V). Gonzalez stated that the incident report was false and that "[t]he phone wasn't mine." (*Id.* at p. 6, § III). However, the DHO found that Gonzalez was unable to

3

provide any significant or credible evidence or witnesses to corroborate his claims that the reporting staff member was not being truthful in the incident report, where Gonzalez was identified as being in possession of the cellular phone and battery found under his assigned locker. (*Id.* at p. 8, § V). The DHO noted that, "[t]o possess means to have on one's person/under one's dominion or control of hard contraband identified." (*Id.*). The DHO ultimately concluded that Gonzalez was not being truthful. (*Id.*).

In reaching his decision, the DHO considered Gonzalez's statement, the reporting officer's incident report, photographs of the contraband, and the chain of custody log. (*Id.* at pp. 8-9). After consideration of the evidence, the DHO found that Gonzalez committed the code 108 offense of possession of a hazardous tool—cell phone. (*Id.* at pp. 7-8, §§ IV, V). The DHO sanctioned Gonzalez with 41 days loss of good conduct time, 60 days of disciplinary segregation (suspended), and loss of commissary privileges for 180 days. (*Id.* at p. 8, § VI). At the conclusion of the hearing, the DHO provided a copy of the report to Gonzalez and advised him of his appeal rights. (*Id.* at p. 9, § VIII).

Gonzalez's sanctions included the loss of good conduct time; therefore, he has identified a liberty interest in this matter. Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such

4

proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.*

In *Wolff*, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and, (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *see also Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. *Hill*, 472 U.S. at 457.

The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et seq.*, and entitled: *Inmate Discipline and Special Housing Units*. These procedures

are intended to meet or exceed the due process requirements prescribed by the Supreme Court. See Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994). Pursuant to these regulations, staff shall prepare an incident report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.5. The incident is then referred to the UDC for an initial hearing pursuant to § 541.7. The UDC "will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays." 28 C.F.R. § 541.7(c). This period may be extended if the incident is being investigated for possible criminal prosecution. 28 C.F.R. § 541.4(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. 28 C.F.R. § 541.7(f). If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.7(a), (g). The inmate will receive written notice of the charge(s) against him at least twenty-four hours before the DHO's hearing, however the inmate may waive this requirement. 28 C.F.R. § 541.8(c). The inmate is entitled to have a staff representative, appear at the hearing, make a statement, present documentary evidence, and present witnesses. 28 C.F.R. §§ 541.8(d), (e), (f). Following the hearing, the inmate will receive a written copy of the DHO's decision. 28 C.F.R. § 541.8(h).

In the matter *sub judice*, it is clear that Gonzalez was afforded all of the required procedural rights set forth in *Wolff*. He received advanced written notice of the charge and incident report on January 23, 2020. Gonzalez appeared before the UDC and was allowed to provide a statement on his own behalf. He was properly informed of his rights before the DHO hearing, as well as given the opportunity to make a statement, present documentary evidence, have a staff representative, and to present witnesses. At the conclusion of the hearing, Gonzalez received a written decision setting forth the evidence relied upon by the DHO and the rationale behind the decision. Gonzalez was also notified of his right to appeal.

Since Gonzalez was afforded all of his procedural rights, the only remaining issue is whether there was "some evidence" to support the decision by the DHO. The record clearly reveals the existence of evidence to allow the DHO to conclude that Gonzalez was guilty of the charge. The DHO determined that the greater weight of the evidence supported the finding that Gonzalez violated code 108. In reaching his decision, the DHO considered the reporting officer's incident report, photographs of the contraband, and Gonzalez's statements. Based upon this evidence as relied upon by the DHO, the Court finds that Gonzalez's due process rights were not violated by the determination of the DHO. *See, e.g., Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013) (courts have "uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession

7

sufficient to uphold a prison disciplinary sanction against each inmate in the cell, including depriving that inmate of his or her liberty interest in good time credits").

Finally, the Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. § 541, *et seq.* Gonzalez was found guilty of a 100-level, greatest severity prohibited act. Pursuant to 28 C.F.R. § 541.3, the following are the sanctions available for 100-level prohibited acts:

> A. Recommend parole date rescission or retardation.
> B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
> B.1. Disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
> C. Disciplinary segregation (up to 12 months).
> D. Make monetary restitution.
> E. Monetary fine.
> F. Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).
> G. Change housing (quarters).
> H. Remove from program and/or group activity.
> I. Loss of job.
> J. Impound inmate's personal property.
> K. Confiscate contraband.
> L. Restrict to quarters.
> M. Extra duty.

28 C.F.R. § 541.3 (Table 1).

Thus, the sanctions imposed by the DHO in this instance were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied as to incident report number 3356143.

### III. Conclusion

Based on the foregoing, the Court will deny the petition for writ of habeas corpus. A separate Order shall issue.

*[signature]*
Robert D. Mariani
United States District Judge

Dated: April 26, 2021